

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

MATTHEW TYLER,
        **Petitioner,**

v.

                             **Case No. 03-C-0514**

GERALD A. BERGE, Warden,
Wisconsin Secure Program
Facility[1]

        **Respondent.**

Copy mailed to attorneys for
parties by the Court pursuant
to Rule 77 (d) Federal Rules of
Civil Procedures.

---

## DECISION AND ORDER

On December 3, 2004, I denied petitioner Matthew Tyler's petition for a writ of habeas corpus. The Clerk of Court entered judgment pursuant to Fed. R. Civ. P. 58 on December 6, 2004. Before me now is petitioner's motion to alter amend the judgment pursuant to Fed. R. Civ. P. 59(e), which "allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact. and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." Divane v. Krull Elec. Co., Inc., 194 F.3d 845, 850 (7th Cir. 1999); Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996).

The facts and procedural background of this case are described in detail in my

---

[1]The proper respondent to a habeas petition is the state officer having custody of the petitioner. See Rule 2(a), Rules Governing § 2254 Cases. When petitioner filed his habeas petition, he was incarcerated at Waupun Correctional Institution and thus named the warden of such institution as the respondent. Since that filing, petitioner has been transferred to the Wisconsin Secure Program Facility ("WSPF"). Thus, Gerald A. Berge. the warden of the WSPF, is hereby substituted as the respondent.

1

Case 2:03-cv-00514-LA   Filed 06/15/05   Page 1 of 3   Document 29

December 3, 2004, Decision and Order, with which I assume the reader is familiar. Briefly, petitioner sought a writ of habeas corpus on the ground that a decision of a Dodge Correctional Institution ("DCI") disciplinary committee, which revoked petitioner's good-time credits and thereby added forty-five days to his sentence, deprived him of liberty without due process of law. Petitioner argued that he was deprived of due process because the committee's decision was not supported by sufficient evidence, the committee refused his requests to call certain witnesses, and the committee failed to notify him of its refusal to allow him to call such witnesses in advance of the disciplinary hearing.

Petitioner raises three arguments in his Rule 59(e) motion. First, he argues that my decision was based on a manifest error of law because I did not require the respondent to file a true and correct copy of the record of the disciplinary proceedings. However, many excerpts from the record of the disciplinary proceedings were submitted by respondent (see Keckhaver Aff. [R. 7] Ex. 101), and petitioner supplemented the record with documents that he thought were missing from respondent's submission (see Pet'r's Reply Br. [R. 2] at 2 & app). Petitioner has not identified any material documents that were omitted from the record in this case. Thus, respondent's alleged failure to file a true and correct copy of the record of the disciplinary proceedings is not a ground for granting petitioner's Rule 59(e) motion.

Petitioner's second argument is that I erred in concluding that the disciplinary committee's decision was supported by "some evidence," as required by Superintendent v. Hill, 472 U.S. 445 (1985), and his third argument is that I erred in concluding that the disciplinary committee did not deny him due process when it refused to call certain witnesses that he requested. However, none of the arguments raised in petitioner's Rule

2

59(e) motion convinces me that my initial conclusions on these issues were erroneous. Therefore, petitioner's arguments are rejected for the reasons stated in my December 3, 2004, Decision and Order.

Accordingly, **IT IS ORDERED** that petitioner's motion to alter or amend judgment is **DENIED**.

Dated at Milwaukee, Wisconsin this ___ day of June, 2005.

_____
LYNN ADELMAN
District Judge

AO 72A
(Rev 8 82)